HICKS *v.* WISE

1. PROCESS—SERVICE OF PROCESS—MOTION TO QUASH—PRIOR ADMISSION OF VALIDITY.

   Denial of a motion to quash service of process was proper where the record indicates that the validity of service had been admitted in the trial court.

2. PROCESS—SERVICE OF PROCESS—MOTION TO QUASH—UNAUTHORIZED ATTORNEY.

   Denial of a motion to quash service of process was proper where the motion was made by an attorney who never filed an appearance on the defendant's behalf.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 May 5, 1971, at Lansing. (Docket No. 10354.) Decided July 27, 1971.

Complaint by Ralph Hicks and Vona B. Hicks against Esther M. Wise and Henry W. Mauldin for damages from injuries suffered as a result of an automobile collision. Default judgment for plaintiffs. Motion to quash service of process, to set aside the default judgment, and to dismiss a garnishment action denied. Defendants appeal by leave granted. Affirmed.

*Ronald A. Goldstein,* for plaintiffs.

*McCallum, O'Reilly & Cornell,* for defendants.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur, Process § 116.

O'Hara, J.   This is an appeal on leave granted
from an order of the trial judge denying a three-
part motion:

(1) To quash service made upon defendant
Esther M. Wise pursuant to the Michigan nonresi-
dent owner-operator statute.[1]

(2) To set aside a default judgment rendered
against defendant Wise and defendant Mauldin,
*jointly* and *severally.*

(3) To "set aside", *i.e.,* dismiss, a garnishment
action against defendant Wise's automobile liability
insurer.

The case is before us on a settled record.

The procedural snarls present are well-nigh im-
possible to unravel.   So that our holding here may
have some significance for the trial bench and the
bar, we will try to chronologize what happened.

Plaintiffs and defendants were involved in an
automobile collision on November 19, 1967.   At that
time all of the parties were residents of the State of
Michigan, at least, so says the complaint to which
no answer has ever been made.

According to the docket entry sheet of the court
below, which is part of the settled record, the com-
plaint was filed and a summons issued on April 30,
1968.   The next entry on the sheet is July 26, 1968.
It is "Appearance and Notice" filed.   The appear-
ance is in the traditional form, addressed to the
attorney of record for plaintiffs and the clerk of
the court: "Please enter our appearance on behalf
of the defendants in the above  *  *  *  cause".   A
default judgment was subsequently rendered
against both defendants on whose behalf this ap-
pearance was entered.   However, *this* appearance

by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

[1] MCLA 1971 Cum Supp § 257.403 (Stat Ann 1968 Rev § 9.2103).

was not made by the firm which filed the three-part motion which is the basis of this appeal. As far as the settled record shows, the attorneys who perfected the appeal in this case have never filed a signed notice of appearance on behalf of any party to the suit, and no substitution of attorneys has been authorized. The right of the attorneys purporting to represent the named appellants here was challenged by plaintiffs' counsel in the court below, and the issue was preserved for review. We quote from the settled record:

(*Plaintiffs' counsel*): "One moment, your Honor. Mr. Cornell says he represents the insurance company here rather than the defendants. His petition alleges that he represents the defendants.

\* \* \*

"*Mr. Cornell:* Your Honor, that's a matter of form because the insurance company is not named in the pleadings as a party \* \* \* but we have to come [in] under a party of the lawsuit."

Somehow or other, this objection doesn't seem ever to have been disposed of in the court below. The next thing to happen was vigorous argument being made *pro* and *con* as to the sufficiency of *service* made upon the named defendants under the nonresident owner and operator statute, *supra.* The trial court denied the motion by order of *August 25, 1970.* This order specified denial of the motion to set aside the default judgment, the garnishment, and the service of process. This denial we can understand, and we would pass upon it except that the circuit court file also contains another order *quashing* service of process *in the same case, as to the same defendants, entered November 17, 1969.* If this is not sufficiently perplexing, the attorneys who argued the August 1970 motion to quash

service admitted on the record that service as to the defendant Mauldin was valid and abandoned their motion as to him, though he still remains a named appellant.

Thus, before us at this time are the following:

(1) A motion to quash service as to a defendant upon whom the validity of service was admitted in the court below.

(2) A motion to quash service as to a defendant by an attorney who has never filed an appearance in her behalf.

(3) A motion to set aside service of process on two defendants as to whom service was previously quashed, which motion was unappealed.

(4) A motion to set aside a garnishment as to an insurance liability carrier for whom no written appearance has ever been formally entered.

If we seem perplexed, it is only because we are.

The last order of record denying all three motions is affirmed for the reason that there seems to be no basis for doing otherwise.

The cause is remanded to the court below with confidence that the learned trial judge will set the whole proceeding back on the right track.

Costs to the appellees.

All concurred.